IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOEL SAUCIER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-CIV-1081-AMG |
| | ) |
| **KILOLO KIJAKAZI, Acting** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Joel Saucier ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401-34, 1382. (Doc. 1). The Commissioner filed the Administrative Record ("AR") (Doc. 7), and the parties have fully briefed the issues. (Docs. 9, 15).[1] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 10, 11). Based on the Court's review of the record and issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

I.     **The Disability Standard and Standard of Review**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. §§ 404.1521, 416.921; *see id.* §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a).  A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process).  To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is

engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[2] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure.  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).  If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience."  *Id*.  "The claimant is entitled to disability benefits only if [he or she] is not able to perform other work."  *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence."  *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted).  Substantial evidence is "more than a scintilla, but less than a preponderance."  *Lax v. Astrue*, 489 F.3d 1080, 1084

---

[2] RFC is "the most [a claimant] can still do despite [a claimant's] limitations."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

(10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**II.      Procedural History**

Plaintiff filed applications for DIB and SSI on September 22, 2020, alleging a disability onset date of June 1, 2019. (AR, at 86, 88, 91, 103). The SSA denied the applications initially and on reconsideration. (*Id*. at 100, 112, 127, 142). Then an administrative hearing was held on June 15, 2022. (*Id*. at 32-85). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id*. at 12-31). The Appeals Council subsequently denied Plaintiff's request for review. (*Id*. at 1-6). Thus, the ALJ's decision became the final decision of the Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

4

### III.   The Administrative Decision

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2019, the alleged onset date. (AR, at 17). At Step Two, the ALJ determined Plaintiff suffers from the severe impairments of alcohol-induced nonischemic cardiomyopathy, hypertension, lumbar degenerative disc disease, degenerative joint disease of the left hips/sacroiliac joint, status/post-left hand injury, chronic obstructive pulmonary disease (COPD), asthma, allergic rhinitis, and obesity. (*Id*. at 18). At Step Three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the listed impairments. (*Id.* at 19). The ALJ then determined that Plaintiff had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [Plaintiff] can stand/walk for six hours and sit for six hours out of an eight-hour workday. [Plaintiff] can frequently balance and climb ramps and stairs; can occasionally stoop, bend, kneel, crouch, crawl, but cannot climb ladders, ropes, or scaffolds. [Plaintiff] cannot have concentrated exposure to pulmonary irritants such as fumes, odors, dusts, gases, and poor ventilation, and to hazards to such as unprotected heights and dangerous moving machinery. From November 18, 2020 through the date of this decision, [Plaintiff] has the following additional limitations: [Plaintiff] can stand/walk for four hours and sit for six hours out of an eight-hour workday, and can frequently finger and handle as well as occasionally grasp with the non-dominant left hand.

(*Id.* at 20). Then, at Step Four, the ALJ found Plaintiff could not perform any past relevant work. (*Id.* at 24). At Step Five, however, the ALJ found Plaintiff could perform jobs existing in significant numbers in the national economy. (*Id*. at 25). Specifically, the ALJ found that from the alleged onset date until November 18, 2020, Plaintiff could work as a mail sorter, storage facility rental clerk, cashier, fast food worker, or collator operator; and from that date through the date of the decision, Plaintiff could work as a mail sorter, storage

facility rental clerk, collator operator, or dispatcher. (*Id.*) Thus, the ALJ found that Claimant had not been under a disability since June 1, 2019. (*Id.* at 26).

## IV.  Claims Presented for Judicial Review

Plaintiff contends the ALJ failed to properly adopt the handling, fingering, and grasping limitations from the opinion of consultative examiner ("CE") Leonard McNeil, PA. (Doc. 9, at 4). The Commissioner asserts Plaintiff's claim is without merit. (Doc. 15). The Court finds the ALJ erred by not explaining how he considered the consistency factor of the CE's opinion, but that the error is harmless because Plaintiff could perform the jobs identified by the vocational expert ("VE") and the ALJ even with the limitations assessed by the CE.

## V.  Analysis

### A.  The ALJ Erred in His Consideration of the CE's Opinion.

#### 1.  Proper Consideration of Medical Opinions and Prior Administrative Medical Findings

An ALJ is required to evaluate every medical opinion and prior administrative medical finding of record. *See* 20 C.F.R. §§ 404.1520c(b); 416.920c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record."). "A medical opinion is a statement from a medical source about what [a claimant] can still do despite [his or her] impairment(s)" and whether a claimant has a limitation or restriction in the ability to perform physical, mental, or other demands of work or to adapt to environmental conditions. *Id.* §§ 404.1513(a)(2); 416.913(a)(2). "A prior administrative

medical finding is a finding, other than the ultimate determination about whether [a claimant] is disabled, about a medical issue made by . . . Federal and State agency medical and psychological consultants at a prior level of review . . . in [the] current claim based on their review of the evidence in [the] case record." *Id.* §§ 404.1513(a)(5); 416.913(a)(5) (including the existence and severity of impairments and symptoms, statements about whether an impairment meets or medically equals a listing, the RFC, and how failure to follow prescribed treatment relates to the claim).

An ALJ considers medical opinions and prior administrative medical findings using five factors: supportability; consistency; relationship with the claimant; specialization; and other factors, such as "a medical source's familiarity with the other evidence in a claim." 20 C.F.R. §§ 404.1520c(c); 416.920c(c). Supportability and consistency are the most important factors. *Id.* §§ 404.1520c(a), 416.920c(a). "Supportability" examines how closely connected a medical opinion or prior administrative medical finding is to the medical source's objective medical evidence and supporting explanations: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s) is, the more persuasive the medical opinion(s) or prior administrative medical findings will be." *Id.* §§ 404.1520c(c)(1); 416.920c(c)(1). "Consistency," on the other hand, compares a medical opinion or prior administrative medical finding to the other evidence: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical

7

finding(s) will be." *Id.* § 404.1520c(c)(2); 416.920c(c)(2). The ALJ must articulate how persuasive he finds a medical opinion or prior administrative medical finding. *Id.* §§ 404.1520c(b); 416.920c(b). In doing so, the ALJ is required to "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings." *Id.* §§ 404.1520c(b)(2); 416.920c(b)(2).[3] The ALJ's rationale must be "sufficiently specific" to permit meaningful appellate review. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

> **2.  The ALJ Failed to Explain His Consideration of the Consistency Factor in His Review of the CE's Opinion As To The Left Hand Limitations.**

CE Leonard McNeil, PA, conducted a physical examination of Plaintiff on November 18, 2020. (AR, at 631-39). Mr. McNeil noted that Plaintiff "demonstrated full active range of motion of all tested joints, excluding the left thumb." (*Id.* at 635). In his functional evaluation assessment, he stated that Plaintiff could not "effectively oppose the thumb to the fingertips" or "effectively grasp tools such as a hammer" with the left hand. (*Id.* at 639).

The ALJ addressed Mr. McNeil's findings in his opinion, stating:

> [t]he consultative examiner Leonard McNeil, PA opined in November 2020 that [Plaintiff] would be hindered in working until his hernia was addressed, **and could not grasp a hammer or oppose his thumb with his left hand only**, and otherwise declined to opine on this claimant's capacity for work-related tasks [AR, at 635, 639]. This opinion is **supported** by a physical

---

[3] An ALJ must consider, but need not explicitly discuss, the remaining factors (relationship with the claimant, specialization, and other factors) unless there are differing medical opinions on an issue and those opinions are equally well-supported and consistent with the record. *See* 20 C.F.R. §§ 404.1520c(b)(2), (3); 416.920c(b)(2), (3).

examination of [Plaintiff], but is limited in scope and **not entirely consistent** with the evidence which shows resolved hernia but supports restrictions within a range of light work given his other musculoskeletal impairments, stable cardiomyopathy, COPD and asthma but generally normal gait and strength despite some findings of reduced strength, limp, and positive straight leg raise as discussed above [AR, at 401, 410, 429, 456, 483, 599, 628, 635-36, 639, 646, 654, 679, 688, 729, 749, 812, 816]. The undersigned finds this opinion **unpersuasive overall**.

(*Id.* at 23) (emphasis added).

The ALJ explained that the CE's observations of Plaintiff's left-hand limitations were supported "by a physical examination." (*Id.*)  However, the ALJ did not discuss the consistency factor as it pertains to the left-hand limitations.  Indeed, the objective medical evidence cited by the ALJ as "not entirely consistent" with Mr. McNeil's opinion largely pertains to other ailments and injuries and does not specifically relate to Plaintiff's left-hand capabilities.[4]  The ALJ's failure to discuss the consistency of this aspect of the CE's opinion is error.

### B. The ALJ's Error is Harmless.

An ALJ's error can be considered harmless where the Court can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).  Even though the ALJ erred in his consideration of the CE's opinion

---

[4] The ALJ does cite the March 17, 2021, neurological consultation for low back pain by Mark Duncan, DO, (*id.*) (citing AR, at 749), which includes Dr. Duncan's physical assessment that Plaintiff is "[u]nable to straighten the left fifth digit or move the left thumb due to past trauma," and noting the presence of "[s]ome deformity of the left hand secondary to old trauma." (*Id.* at 748).  These observations appear consistent, rather than inconsistent, with Mr. McNeil's assessment regarding limitations of the left hand.

9

regarding Plaintiff's left-hand limitations, the error is harmless because Plaintiff can perform three of the jobs identified by the ALJ and VE at Step Five notwithstanding the asserted left-hand limitations.

Here, the ALJ determined that, after November 18, 2020, Plaintiff could perform the duties of mail sorter, storage facility rental clerk, collator operator, or dispatcher. (AR, at 25). As the VE testified, "the grasp is not something that is addressed in the [Dictional of Occupational Titles]." (*Id*. at 76). "On matters about which the Dictionary of Occupational Titles is silent or in conflict, the [ALJ] accepts the vocational expert's testimony based on her education, training, and professional experience as a vocational/job placement counselor." (*Id*. at 26) (citing AR, at 366). *See, e.g,* SSR 00–4p, 2000 WL 1898704, at *2 (Dec. 4, 2000) (requiring ALJ to resolve *conflicts* between DOT descriptions and VE testimony before relying on VE evidence); *Wahpekeche v. Colvin*, 640 F. App'x 781, 785-86 (10th Cir. 2016) (finding no "conflict exists between the VE's testimony and the DOT based simply on the DOT's silence concerning" a specific limitation).

Pursuant to the hypothetical posed by the ALJ, the VE testified whether, in her opinion, the Plaintiff would be able to perform these jobs if they involved occasional grasping by the left, non-dominant hand. (*Id*. at 76). But importantly, the VE clarified that she "do[esn't] believe that the non-dominant hand would be required" for certain of her recommended jobs, such as collator operator, dispatcher, and storage facility clerk, although she "would expect to require a helper hand" for a merchandise marker or mail sorter. (*Id*. at 80).

Due to this testimony, Plaintiff's argument regarding more extensive left-hand limitations is irrelevant because his performance of these jobs would require no use of his left hand whatsoever.  Because the VE testified that Plaintiff could perform jobs existing in significant numbers in the national economy without use of the non-dominant hand, the ALJ's error in considering the CE's opinion is harmless.  *See, e.g., Jones v. Berryhill*, 720 F. App'x 457, 459 (10th Cir. 2017) (finding claimant could work as a dishwasher because it required no near acuity, far acuity, depth perception, or accommodation, tasks which the plaintiff contended he could not perform); *Bainbridge v. Colvin*, 618 F. App'x 384, 391-92 (10th Cir. 2015) (finding that the ALJ's failure to include additional manipulative limitations was harmless error because the VE testified that the additional manipulative limitations would not preclude work as a surveillance system monitor); *Thurston v. Berryhill*, No. CIV-17-975-SLP, 2018 WL 2392565, at *3 (W.D. Okla. Apr. 25, 2018), *report and recommendation adopted*, No. CIV-17-975-SLP, 2018 WL 2392554 (W.D. Okla. May 25, 2018) ("Even if the ALJ erred in his consideration of Plaintiff's vision, the error is harmless because Plaintiff can perform one of the jobs identified by the ALJ and VE at step five notwithstanding the asserted visual limitations.").

## VI. Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned **AFFIRMS** the decision of the Commissioner.

**SO ORDERED** this 19th day of September, 2023.

*Amanda Maxfield Green*
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE